THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STARBUCKS CORPORATION, a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WELLSHIRE FARMS, INC., a New Jersey corporation; and HAHN BROS., INC., a Maryland corporation,<br><br>　　　　　　Defendants. | No. _____<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

Plaintiff Starbucks Corporation ("Plaintiff" or "Starbucks") alleges and prays as follows:

### I.　PARTIES

1.　Plaintiff Starbucks is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, Washington.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 1
Case No. C13-_____
18177-0256/LEGAL25530325.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2. Defendant Wellshire Farms, Inc. ("Wellshire") is a New Jersey corporation with its principal place of business in Swedesboro, New Jersey.

3. Defendant Hahn Bros., Inc., d/b/a Hahn Brothers, Inc., d/b/a Hahn's of Westminster ("Hahn"), is a Maryland corporation with its principal place of business in Westminster, Maryland.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction under 28 U.S.C. § 1332, there being complete diversity of citizenship between the parties and the matter in controversy exceeding the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391(b)(2), (3) because a substantial part of the events or omissions giving rise to the claims occurred in this district and the defendants are subject to the Court's personal jurisdiction.

## III. FACTUAL BACKGROUND

6. In 2007, Starbucks and nonparty SK Food Group, Inc. ("SK Food") entered into a contract whereby SK Food agreed to assemble, package, and deliver warm breakfast ham sandwiches to Starbucks stores located in the Western United States and Western Canada.

7. In January 2008, Starbucks decided to change its breakfast sandwich program. SK Food was given a specification describing what Starbucks wanted for the new type of breakfast ham sandwich. SK Food, in turn, used the Starbucks specification to present Starbucks with a blind taste test for a number of ham sandwich options.

8. The SK Food blind taste test resulted in Starbucks' selecting an SK Food sandwich option that contained a Black Forest Ham Starbucks was led to believe was produced by Wellshire.

DEMAND FOR JURY TRIAL – 2
Case No. C13-_____
18177-0256/LEGAL25530325.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

9.      While SK Food was hired to assemble and deliver the warm breakfast ham sandwiches in the West, nonparty Giorgio Foods, Inc. ("Giorgio") was hired to do the same thing in the East, and Wellshire represented that it would produce the same Black Forest Ham to both of Starbucks' warm breakfast ham sandwich assemblers.

10.     In the fall of 2009, Starbucks decided to change its chilled lunch sandwich program and followed a process similar to the one it used to select the SK Food-Wellshire warm breakfast ham sandwich. Starbucks sent a specification for a chilled ham sandwich to nonparty Flying Food Fare Midway, LLC ("Flying Food"), which had been assembling most of the chilled lunch sandwiches for Starbucks across the country.

11.     Based on Wellshire's representations, Starbucks encouraged Flying Food and its other chilled sandwich assemblers, nonparties Gretchen's Shoebox Express ("Gretchen's") and Honolulu Baking Company ("HBC"), to use Wellshire's Black Forest Ham in the chilled lunch ham sandwiches. As a result, Wellshire's Black Forest Ham became a common ingredient in both the warm breakfast ham sandwiches and the chilled lunch ham sandwiches (collectively, "Ham Sandwiches") sold in Starbucks stores throughout the United States and Canada.

12.     Starbucks, however, did not know, and Wellshire failed to reveal, the fact that the ham with Wellshire's name on it was actually produced by an undisclosed company known as Hahn. Wellshire entered into an agreement with Hahn to satisfy its obligation to produce the Black Forest Ham for the Ham Sandwiches. Hahn was fully aware that its Black Forest Ham was being used in the Ham Sandwiches that would ultimately be sold to Starbucks' customers in the United States and Canada.

13.     In late September 2010, Starbucks started getting customer complaints about the Black Forest Ham being discolored, having an unusual taste, and appearing spoiled.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 3
Case No. C13-_____
18177-0256/LEGAL25530325.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14.     Starbucks made Wellshire aware of the complaints and, in early October 2010, issued its first "Stop Sell and Discard" notices of warm breakfast ham sandwiches.

15.     In an abundance of caution, Starbucks launched its own investigation into the customer complaints. That investigation revealed, among other things, problems with the quality of the Black Forest Ham being shipped by Wellshire. SK Food also revealed during the Starbucks investigation that SK Food had seen a "pattern of poor quality sandwiches" made from Wellshire's Black Forest Ham.

16.     To remedy these product quality problems, Starbucks imposed a Corrective Action Plan ("CAP") on SK Food.

17.     Despite SK Food's adherence to the CAP, Starbucks continued to receive complaints about the Ham Sandwiches in November 2010. As these complaints began to escalate across the country, the focus of the defective ham inquiry shifted to Wellshire.

18.     The revelation that Wellshire's ham was or might be defective caused Starbucks to begin searching for a new Black Forest Ham supplier. When Wellshire heard about the move to replace its ham, Wellshire's President pleaded with Starbucks to maintain its supplier relationship, assured Starbucks that the September incident was not Wellshire's fault, and asserted that the September 2010 incident was an isolated event.

19.     Within days of receiving assurances from Wellshire that the prior ham complaints were from an isolated event outside its control, Starbucks received a new round of customer complaints about the Black Forest Ham.

20.     Starbucks then learned, for the first time, that Hahn, on behalf of Wellshire, was actually producing the ham for Starbucks Ham Sandwiches. This revelation from Wellshire came several months after the complaints began.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 4
Case No. C13-_____
18177-0256/LEGAL25530325.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

21. Because of this new round of customer complaints, Starbucks required laboratory testing of a sample of the goods. On December 10, 2010, those laboratory test results revealed that a sample of the ham contained potentially harmful bacteria. In response to this threat and other concerns about the ham source, Starbucks immediately issued its second "Stop Sell and Discard" notice on December 10 to all of its stores in the United States and Canada for their warm breakfast ham sandwiches.

22. On or about December 18, 2010, SK Food notified Starbucks that SK Food would no longer use Wellshire's Black Forest Ham in its sandwiches.

23. On or about December 20, 2010, a third-party audit revealed fundamental deficiencies in the way the ham was being cooked and processed by Hahn.

24. Faced with SK Food's loss of confidence in Wellshire's Black Forest Ham, the absence of a root cause explanation for how potentially harmful bacteria came in contact with a Starbucks Ham Sandwich, the results of a third-party audit of the ham source, and the mounting number of customer complaints, on December 21, 2010, Starbucks issued its third and final "Stop Sell and Discard" notice to all stores for all the Wellshire-originated ham and all the known or suspected Ham Sandwiches assembled with Wellshire Black Forest Ham.

25. On December 23, 2010, Starbucks followed up the "Stop Sell and Discard" notice with "Notice of Withdrawal and Suspension of Sandwich Products" letters to every Ham Sandwich assembler and supplier, instructing them to stop making food products with ham from Wellshire.

26. To minimize the financial impact of these actions on Giorgio, Flying Food, Gretchen's, and HBC (collectively the "Ham Sandwich Assemblers"), Starbucks entered into Settlement and Assignment of Claims Agreements with each of them to compensate

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 5
Case No. C13-_____
18177-0256/LEGAL25530325.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

them for their losses. In return for this compensation, Starbucks obtained the Ham Sandwich Assemblers' rights to bring claims for their losses directly against Wellshire and Hahn.

27. Starbucks has lost in excess of $4.8 million protecting its customers and Starbucks' reputation from food products that were sent by Wellshire and Hahn for sale to Starbucks' customers in the United States and Canada. As a result, Starbucks seeks recovery on the following claims.

### IV. FIRST CAUSE OF ACTION: WELLSHIRE'S BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY UNDER RCW 62A.2-314

28. Starbucks incorporates and reasserts the allegations in each of the above paragraphs of this Complaint.

29. Under RCW 62A.2-104, Wellshire is a merchant of food products that were sold indirectly to Starbucks and/or directly to the Ham Sandwich Assemblers who have assigned their claims to Starbucks.

30. As a merchant, Wellshire warranted that the Black Forest Ham was merchantable.

31. Under RCW 62A.2-314, Wellshire's promises of merchantability of the Black Forest Ham were implied and became part of the basis of the bargain.

32. The Black Forest Ham found in the Ham Sandwiches was not merchantable because it was not fit for the ordinary purpose for which it was intended (i.e., sale to and consumption by Starbucks' customers).

33. As a direct and proximate result of Wellshire's breach of the warranty of merchantability, Starbucks has been damaged in an amount in excess of $4.8 million.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 6
Case No. C13-_____
18177-0256/LEGAL25530325.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## V. SECOND CAUSE OF ACTION:
### WELLSHIRE'S BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE UNDER RCW 62A.2-315

34. Starbucks incorporates and reasserts the allegations in each of the above paragraphs of this Complaint.

35. Starbucks and its Ham Sandwich Assemblers made known to Wellshire, either expressly or by implication, the particular purpose for which the Black Forest Ham was to be used.

36. Starbucks and its Ham Sandwich Assemblers relied on the skill and judgment of Wellshire that the Black Forest Ham would be suitable for Starbucks' purpose.

37. Under RCW 62A.2-315, Wellshire made implied warranties of fitness for a particular purpose with respect to the provision of the Black Forest Ham.

38. The Ham Sandwiches made with the Black Forest Ham were not fit for Starbucks' particular purpose (i.e., sale to and consumption by Starbucks' customers).

39. Wellshire breached the implied warranty of fitness to the Ham Sandwich Assemblers and to Starbucks.

40. Starbucks gave Wellshire reasonable notice after discovering that the Black Forest Ham was not fit for Starbucks' particular purpose.

41. As a direct and proximate result of Wellshire's breach of the warranty of fitness, Starbucks has been damaged in an amount in excess of $4.8 million.

## VI. THIRD CAUSE OF ACTION:
### WELLSHIRE'S BREACH OF THE HAM SANDWICH ASSEMBLER AGREEMENTS AND VIOLATION OF STARBUCKS' THIRD-PARTY BENEFICIARY RIGHTS

42. Starbucks incorporates and reasserts the allegations in each of the above paragraphs of this Complaint.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 7
Case No. C13-_____
18177-0256/LEGAL25530325.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

43. Starbucks benefited from the contracts between Wellshire and the Ham Sandwich Assemblers ("Ham Sandwich Assembler Agreements") by receiving assembled Ham Sandwiches to sell in its stores.

44. The Ham Sandwich Assembler Agreements were made by Wellshire with the intention of providing a benefit to Starbucks.

45. Wellshire knew that its Black Forest Ham was to be used in the Ham Sandwiches for sale in Starbucks stores.

46. By failing to ensure that its Black Forest Ham was not defective, Wellshire breached the Ham Sandwich Assembler Agreements.

47. As a direct and proximate cause of the foregoing, Starbucks, as a third-party beneficiary to the Ham Sandwich Assembler Agreements, has suffered damages for which Wellshire is liable in an amount in excess of $4.8 million.

## VII. FOURTH CAUSE OF ACTION:
## HAHN'S BREACH OF THE WELLSHIRE-HAHN
## AGREEMENT AND VIOLATION OF STARBUCKS'
## THIRD-PARTY BENEFICIARY RIGHTS

48. Starbucks incorporates and reasserts the allegations in each of the above paragraphs of this Complaint.

49. Starbucks and its Ham Sandwich Assemblers benefited from the contract between Wellshire and Hahn ("Wellshire-Hahn Agreement") by receiving Black Forest Ham for the Ham Sandwiches that were sold in Starbucks stores.

50. The Wellshire-Hahn Agreement was made by Wellshire and Hahn with the intention of providing said benefit to the Ham Sandwich Assemblers and to Starbucks.

51. Hahn knew that the Black Forest Ham was to be used in the Ham Sandwiches for sale in Starbucks stores.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 8
Case No. C13-_____
18177-0256/LEGAL25530325.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

52. By failing to ensure that the Black Forest Ham was not defective, Hahn breached the Wellshire-Hahn Agreement.

53. As a direct and proximate cause of the foregoing, Starbucks, as a third-party beneficiary to the Wellshire-Hahn Agreement and as assignee of the Ham Sandwich Assemblers' rights, has suffered damages for which Hahn is liable in an amount in excess of $4.8 million.

### VIII. FIFTH CAUSE OF ACTION: WELLSHIRE'S AND HAHN'S NEGLIGENCE

54. Starbucks incorporates and reasserts the allegations in each of the above paragraphs of this Complaint.

55. Wellshire and Hahn had a duty to exercise reasonable care when processing the Black Forest Ham, when sending the ham to the Ham Sandwich Assemblers, and when giving Starbucks assurances that defects in the ham had been resolved.

56. Wellshire's and Hahn's duties of care included honestly identifying the ham supply source to Starbucks, verifying the cause of the product defect that triggered product withdrawals in October and December 2010, investigating and determining the root cause of the potentially harmful bacteria found on a ham sandwich sample in December 2010, and verifying the safety of the ham supply source for the Ham Sandwiches after the potentially harmful bacteria was discovered.

57. Wellshire and Hahn breached their duties by providing defective ham from an unknown, unreliable, and potentially unsafe ham supply source.

58. As a direct and proximate cause of Wellshire's and Hahn's negligence, Starbucks was forced to destroy all known Wellshire/Hahn ham and Ham Sandwiches containing Wellshire Black Forest Ham. Starbucks has suffered damages for which Wellshire and Hahn are jointly and severally liable in an amount in excess of $4.8 million.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 9
Case No. C13-_____
18177-0256/LEGAL25530325.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## IX. SIXTH CAUSE OF ACTION: WELLSHIRE'S NEGLIGENT MISREPRESENTATIONS

59. Starbucks incorporates and reasserts the allegations in each of the above paragraphs of this Complaint.

60. Wellshire repeatedly represented to Starbucks that the Black Forest Ham that would be used in the Ham Sandwiches was processed and produced by Wellshire.

61. Wellshire made repeated representations about the quality of the Black Forest Ham and its prevalence within the food industry.

62. Wellshire held itself out as a ham expert.

63. Because of Wellshire's representations, Black Forest Ham became a common ingredient in Starbucks' Ham Sandwiches throughout the United States and Canada.

64. Wellshire knew its representations about the Black Forest Ham were false because the true Black Forest Ham producer was the undisclosed entity Hahn.

65. Starbucks detrimentally relied on Wellshire's false representations about the ham supply source and caused its Ham Sandwich Assemblers to use the falsely represented ham.

66. As a result of its false representations and Starbucks' reliance on them, Wellshire caused Starbucks to use an unknown, unreliable, and potentially unsafe ham supply source for its Ham Sandwiches in the United States and Canada.

67. The misrepresentations caused Starbucks to destroy all ham products from the unknown, unreliable, and potentially unsafe ham supply source, Hahn.

68. As a direct and proximate cause of Wellshire's false representations, Starbucks has been damaged in an amount in excess of $4.8 million.

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 10
Case No. C13-_____
18177-0256/LEGAL25530325.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## X. SEVENTH CAUSE OF ACTION: WELLSHIRE'S UNFAIR AND DECEPTIVE TRADE PRACTICES IN VIOLATION OF RCW 19.86.020

69. Starbucks incorporates and reasserts the allegations in each of the above paragraphs of this Complaint.

70. By falsely representing to Starbucks that Wellshire was the Black Forest Ham producer, Wellshire engaged in unfair and deceptive acts.

71. The unfair and deceptive acts occurred in the conduct of trade or commerce.

72. The unfair and deceptive acts impacted Starbucks interest because of the actual and/or potential sale of such misrepresented Ham Sandwiches in Starbucks stores in the United States and Canada.

73. Because it became necessary for Starbucks to withdraw and destroy all defective or potentially defective Wellshire ham products made by unknown, unreliable, and potentially unsafe ham supply sources, Starbucks' was injured.

74. As a direct and proximate cause of Wellshire's unfair and deceptive acts, Starbucks has been damaged in an amount in excess of $4.8 million.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Starbucks prays for the following relief:

A. For damages against the defendants in excess of $4.8 million;

B. For damages equally against the jointly and severally liable defendants;

C. For prejudgment interest on the damages owed;

D. For judgment in favor of Starbucks and against the defendants for Starbucks' costs of suit, including reasonable attorneys' fees; and

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 11
Case No. C13-_____
18177-0256/LEGAL25530325.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

E.  For such other relief as the Court may deem just and proper.

DATED this 5th day of July, 2013.

s/ *James F. Williams, WSBA #23613*
JWilliams@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
ATTORNEYS FOR PLAINTIFF

s/ *J. Camille Fisher, WSBA #41809*
CFisher@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
ATTORNEYS FOR PLAINTIFF

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 12
Case No. C13-_____

18177-0256/LEGAL25530325.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Starbucks Corporation respectfully demands a trial by jury.

DATED this 5th day of July, 2013.

s/ *James F. Williams, WSBA #23613*
JWilliams@perkinscoie.com
**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:   206.359.8000
Facsimile:    206.359.9000
ATTORNEYS FOR PLAINTIFF

s/ *J. Camille Fisher, WSBA #41809*
CFisher@perkinscoie.com
**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:   206.359.8000
Facsimile:    206.359.9000
ATTORNEYS FOR PLAINTIFF

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL – 13
Case No. C13-_____
18177-0256/LEGAL25530325.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000